UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Kelly Hooper,

          Plaintiff,

vs.                               **COMPLAINT**

Bachman's, Inc.,            **Jury Trial Demanded**

          Defendant.

_____

Kelly Hooper, for her Complaint, states and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Family and Medical Leave Act of 1997 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and principles of common law developed thereunder.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and 29 U.S.C. §2617(a)(2).

3. Venue is proper in this District because Defendant may be found in this District and all illegal actions complained of herein occurred in Minnesota.

## PARTIES

4. Plaintiff Kelly Hooper ("Hooper") resides in Mendota Heights, Minnesota.

5. Hooper was formerly employed by Defendant Bachman's, Inc. ("Bachman's) and had been employed for at least a year and had worked at least 1,250 hours per year.

6. Bachman's is an employer located in Minnesota and has greater than 50 employees making it subject to FMLA.

7. At all material times, Plaintiff was eligible for and covered by FMLA.

## STATEMENT OF FACTS

8. Plaintiff was hired by Bachman's in April 2013.

9. Plaintiff held the position of Supervisor Nursery Distribution/Receiving, was promoted several times, and had good performance evaluations.

10. Beginning as early as December 2017, Bachman's had notice that Plaintiff had a serious health condition.

11. Plaintiff had numerous discussions with her supervisor about her illness and how she was impacted.

12. Plaintiff was unable to work due to her serious health condition from February 27 to March 11, 2018.

13. Plaintiff met with Defendant's Human Resources on March 6, 8, and 12, 2018 to discuss her serious health condition. Defendant requested a letter from her physician excusing her absence.

14. Defendant's Human Resources completed the Notice of Eligibility and Rights & Responsibilities FMLA form on March 6, 2018, stating that Plaintiff informed Defendant that she needed leave beginning February 27, 2018 for her own serious health

condition. The Notice states that she was eligible for FMLA leave and requested a completed certification by March 23, 2018.

15. On March 12, 2018, Plaintiff informed her supervisor that she would need to leave during work hours to pick up the letter from her physician to excuse her absence so that she could personally deliver the letter due to concerns that the Human Resources fax machine was in a hallway and not private. Her supervisor instructed her to have the letter faxed.

16. On March 15, 2018, Plaintiff received a voicemail from Human Resources saying it had not received the letter from her physician.

17. On March 16, 2018, Plaintiff contacted her physician's office and requested to have the letter faxed to Human Resources. Plaintiff informed Human Resources that she had done so.

18. On March 19, 2018, Plaintiff visited her physician's office to pick up a paper copy of the physician's letter. She emailed the physician's letter to Bachman's Human Resources which explained Plaintiff's reasons for absence.

19. On March 21, 2018, while Plaintiff was visiting her physician's office, her physician completed the FMLA paperwork. Her physician had the paperwork faxed to Bachman's Human Resources while Plaintiff was at her physician's office.

20. On March 26, 2018, Plaintiff's supervisor issued a letter to Plaintiff notifying her that her employment was terminated and listing as reasons for the termination her absence from work and failure to provide FMLA paperwork. The letter stated that a decision to terminate her employment had been made one week prior.

## COUNT ONE
## VIOLATION OF THE FMLA

21. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs.

22. Defendant's termination of Plaintiff's employment constitutes interference with Plaintiff's rights under the FMLA.

23. Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

24. By reason of the foregoing, Plaintiff sustained a loss of income and benefits, suffered extreme emotional distress, and will sustain a loss of income and benefits in the future.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant as follows:

1. That Plaintiff be afforded all relief available under the FMLA, including attorneys' fees, liquidated damages, equitable relief, and pre- and post-judgment interest; and

2. That the Court afford all such other relief as the Court deems just and proper.

Dated:  03/20/2020          **NOLAN, THOMPSON, LEIGHTON &TATARYN PLC**

By  /s/ *Denise Y. Tataryn*
Denise Y. Tataryn (#179127)
Robert L. Leighton, Jr. (#220735)
5001 American Blvd. West, Suite 595
Bloomington, MN  55437
Phone: 952-405-7171
Fax:    952-224-0647
Email:  dtataryn@nmtlaw.com


*Attorneys for Plaintiff Kelly Hooper*

5